**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSHUA FARRIS and** | ) | |
| **KAREN HOLLIS,** | ) | |
| | ) | Case No.: 22-cv-1729 |
| Plaintiff, | ) | |
| | ) | Complaint for Violation of Civil Rights and |
| v. | ) | State Supplemental Claims |
| | ) | |
| The City of Chicago, Chicago Police | ) | **JURY DEMANDED** |
| Officers Nicu Tohatan, Star No. 18703, | ) | |
| Mario Fuentes, Star No. 9793, Cynthia | ) | |
| Garcia, Star No. 9797, | ) | |
| | ) | |
| Defendants. | ) | |

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2.     The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.     At all times mentioned herein, Plaintiff JOSHUA FARRIS ("Farris") was and is a citizen of the United States and was within the jurisdiction of this Court.

4.     At all times mentioned herein, Plaintiff KAREN HOLLIS ("Hollis") was and is a citizen of the United States and was within the jurisdiction of this Court.

5.     At all times mentioned herein, Defendant Nicu Tohatan, Star No. 18703 ("Tohatan"), was employed by the City of Chicago Police Department and acted under the color

of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiff is suing Defendant in his individual capacity.

6.  At all times mentioned herein, Defendant Mario Fuentes, Star No. 9793 ("Fuentes"), was employed by the City of Chicago Police Department and acted under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiff is suing Defendant in his individual capacity.

7.  At all times mentioned herein, Defendant Cynthia Garcia, Star No. 9797 ("Garcia"), was employed by the City of Chicago Police Department and acted under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. Plaintiff is suing Defendant in his individual capacity.

8.  At all times mentioned herein, the City of Chicago ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

9.  On or about November 8, 2021, at all times material, Farris lawfully operated and/or managed a motor vehicle at or near 137 E. Superior St., Chicago, Illinois.

10. On or about November 8, 2021, at all times material, Hollis was in the passenger seat of the motor vehicle lawfully operated and/or managed by Farris.

11. On or about November 8, 2021, at all times material, Farris and Hollis (collectively "Plaintiffs") had their two young children in the backseat of the motor vehicle.

12. On or about November 8, 2021, at all times material, Plaintiffs were stopped facing west on the right side of East Superior Street. Shortly thereafter, Chicago Police Officers Tohatan,

Fuentes, and Garcia (collectively "Defendants") pulled up in a police vehicle, stepped out, and approached Farris' motor vehicle.

13.     Tohatan and Fuentes approached the driver's side of the motor vehicle while Garcia approached the passenger side.

14.     Tohatan asked Farris for his driver's license, whether he was intoxicated, and alleged that the motor vehicle smelled like weed. Farris responded to the effect that it did not smell like weed and that he was not intoxicated.

15.     Tohatan commanded Farris to exit his motor vehicle to perform a field sobriety test.

16.     There was no legal cause to have Farris exit his vehicle.

17.     Fuentes opened the driver's side door without consent, and Farris at once stepped out of the motor vehicle. Tohatan and Fuentes immediately handcuffed Farris upon exiting the motor vehicle.

18.     There was no legal cause to handcuff Farris.

19.     Shortly after Farris stepped out of the motor vehicle, Garcia opened the passenger side door and demanded Hollis exit the motor vehicle.

20.     There was no legal cause to have Hollis exit the vehicle.

21.     Hollis asked Garcia why she ordered her out of the motor vehicle. Garcia told Hollis to "Shut the Fuck up."

22.     Immediately after Hollis exited the motor vehicle, Garcia turned Hollis around, slammed Hollis into the motor vehicle, and handcuffed her using excessive force.

23.     There was no legal cause to handcuff Hollis.

24.     Upon walking Farris away from his motor vehicle, Fuentes taunted Farris and forcefully pushed Farris onto the exterior of a police vehicle.

3

25.     There was no legal cause to use force against Farris.

26.     Meanwhile, Garcia walked Hollis over to the police vehicle mentioned above and, once again with excessive force, slammed Hollis onto the exterior of the police vehicle. Hollis told Garcia that she was hurting her. However, Garcia slammed Hollis onto the police vehicle multiple times thereafter.

27.     There was no legal cause to use force against Hollis.

28.     Fuentes then guided Farris towards another police vehicle. Fuentes put Farris into the backseat of the police vehicle and slammed the door shut. Transportation officers then drove Farris to the police station.

29.     There was no legal cause to detain or arrest Farris.

30.     Farris was charged with multiple non-drug or alcohol-related offenses.

31.     There was no legal cause to charge Farris with any offense.

32.     Around the same time, Garcia forcefully guided Hollis to a police van that arrived at the scene. Garcia warned Hollis that she would take her kids to DCFS and then threw Hollis into the cage inside the police van.

33.     While in the cage, Garcia searched Hollis' person, told Hollis that she was under arrest, and closed the cage.

34.     There was no legal cause to detain or arrest Hollis.

35.     There was no legal cause to search Hollis.

36.     Meanwhile, Tohatan searched Farris' motor vehicle and found legally packaged cannabis within the vehicle.

37.     After an extensive search of Farris' motor vehicle, Tohatan failed to find any contraband.

38.     There was no legal cause to search Farris' motor vehicle.

39.     Garcia later released Hollis from the police van. Defendants ordered Hollis to get into the driver's seat of Faris' motor vehicle and drive away. Hollis followed Defendants' orders.

40.     Farris was charged with reckless conduct, a parking violation, a license plate violation, and operating an uninsured motor vehicle. The State's Attorney later dismissed all charges against Farris resulting from this incident, indicative of his innocence.

41.     Tohatan and Fuentes had no legal cause to order Farris to exit his motor vehicle, search Farris' person, detain and arrest Farris, use force while seizing Farris, search Farris' motor vehicle, or charge Farris with any offense.

42.     Additionally, Garcia had no legal cause to order Hollis to exit the motor vehicle, search Hollis' person, detain and arrest Hollis, or use force while seizing Hollis.

43.     As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiffs suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

44.     The actions and/or omissions mentioned above by Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

45.     By reason of the actions and/or omissions mentioned above by Defendants, Plaintiffs retained an attorney to institute, prosecute, and render legal assistance to them in the within action so that he might vindicate the loss and impairment of their rights. By reason thereof,

Plaintiff's request payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
## PLAINTIFF JOSHUA FARRIS AGAINST OFFICER TOHATAN AND OFFICER FUENTES FOR UNREASONABLE SEARCH OF FARRIS AND HIS MOTOR VEHICLE

46.    Farris hereby incorporates and realleges paragraphs one (1) through forty-five (45) hereat as though fully set forth at this place.

47.    Tohatan and Fuentes deprived Farris of his rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

48.    The arbitrary intrusion by Tohatan and Fuentes into the security and privacy of Farris and his motor vehicle violated Farris' Constitutional Rights and was not authorized by law. Tohatan and Fuentes violated Farris' rights by commanding him to exit his motor vehicle and by searching Farris and his motor vehicle without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Farris' rights. Accordingly, Tohatan and Fuentes are liable to Farris pursuant to 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF JOSHUA FARRIS AGAINST OFFICER TOHATAN AND OFFICER FUENTES FOR EXCESSIVE FORCE

49. Farris hereby incorporates and realleges paragraphs one (1) through forty-five (45) hereat as though fully set forth at this place.

50.    During and immediately after Farris' seizure, Tohatan and Fuentes used excessive force against Farris.

51.    There was no legal cause for Tohatan and Fuentes to use force against Farris.

52.    By reason of Tohatan and Fuentes' conduct, Farris was deprived of rights, privileges

and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

54.     The physical violence inflicted upon Farris was unnecessary, unreasonable, and excessive and violated Farris' Fourth and/or Fourteenth Amendment Rights. Accordingly, Tohatan and Fuentes are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**PLAINTIFF JOSHUA FARRIS AGAINST OFFICER TOHATAN AND OFFICER FUENTES FOR AN WRONGFUL DETENTION AND ARREST**

55.     Farris hereby incorporates and realleges paragraphs one (1) through forty-five (45) hereat as though fully set forth at this place.

56.     Tohatan and Fuentes deprived Farris of his rights, privileges, and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

57.     The arbitrary detention and arrest of Farris violated Farris' Constitutional Rights and were not authorized by law. Tohatan and Fuentes violated Farris' rights by commanding Farris to exit his vehicle and unlawfully detained, arrested, and transported Farris to a police station for further detention and arrest without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Farris' rights. Accordingly, Tohatan and Fuentes are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**PLAINTIFF JOSHUA FARRIS AGAINST OFFICER TOHATAN, OFFICER FUENTES, AND THE CITY OF CHICAGO FOR MALICIOUS PROSECUTION**

57.     Farris hereby incorporates and realleges paragraphs one (1) through forty-five (45) hereat as though fully alleged at this place.

58.     Tohatan and Fuentes maliciously commenced and/or caused continued legal

7

proceedings against Farris, falsely alleging that they witnessed Farris commit one or more offenses.

59.     Farris did not commit any of the offenses for which he was prosecuted.

60.     Tohatan and Fuentes falsely alleged to prosecutors that Farris committed one or more offenses.

61.     This false information was a proximate cause of Farris being subjected to prosecution as it was relied upon by prosecutors in the decision to commence and continue the prosecution of Farris.

62.     The charges Tohatan and Fuentes proximately caused to be initiated against Farris terminated in Farris' favor when all charges were dismissed on January 25, 2022.

63.     As a result of Tohatan and Fuentes causing these baseless legal proceedings, Farris was injured emotionally and otherwise.

64.     The City of Chicago is liable as a result of *respondeat superior*.

65.     Therefore, Tohatan and Fuentes are liable under the supplemental state law claim of Malicious Prosecution.

### COUNT V
### PLAINTIFF KAREN HOLLIS AGAINST OFFICER GARCIA FOR UNREASONABLE SEARCH

66.     Hollis hereby incorporates and realleges paragraphs one (1) through forty-five (45) hereat as though fully set forth at this place.

67.     Garcia deprived Hollis of her rights, privileges, and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

68.     The arbitrary intrusion by Garcia into the security and privacy of Hollis' person

violated her Constitutional Rights and was not authorized by law. Garcia violated Hollis' rights by subjecting Hollis to an unlawful search of her person without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Hollis' rights. Accordingly, Garcia is liable to Hollis pursuant to 42 U.S.C. § 1983.

## COUNT VI
## PLAINTIFF KAREN HOLLIS AGAINST OFFICER GARCIA FOR EXCESSIVE FORCE

69.    Hollis hereby incorporates and realleges paragraphs one (1) through forty-five (45) hereat as though fully set forth at this place.

70.    During and immediately after Hollis' seizure, Garcia used excessive force against Hollis' person.

71.    There was no legal cause for Garcia to use force against Hollis.

72.    By reason of Garcia's conduct, Hollis was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

73.    The physical violence inflicted upon Hollis was unnecessary, unreasonable, and excessive and violated Hollis' Fourth and/or Fourteenth Amendment Rights. Therefore, Garcia is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VII
## PLAINTIFF KAREN HOLLIS AGAINST OFFICER GARCIA FOR WRONGFUL DETENTION AND ARREST

74.    Hollis hereby incorporates and realleges paragraphs one (1) through forty-five (45) hereat as though fully set forth at this place.

75.    Garcia deprived Hollis of her rights, privileges, and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws

enacted thereunder.

76.     The arbitrary detention and arrest of Hollis violated her Constitutional Rights and were not authorized by law. Garcia violated Hollis' rights by commanding her to exit the motor vehicle and unlawfully detained and arrested her without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Garcia is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs, JOSHUA FARRIS and KAREN HOLLIS, by and through their attorneys, ED FOX & ASSOCIATES, LTD., request judgment as follows:

1. That Defendants to pay Plaintiffs' general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants to pay Plaintiffs' special damages;

3. That Defendants to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendants, except the City of Chicago, to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants to pay Plaintiffs' costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY:    s/Edward M. Fox
          Edward M. Fox
          ED FOX & ASSOCIATES, LTD.
          Attorneys for Plaintiffs
          300 West Adams, Suite 330
          Chicago, Illinois 60606
          (312) 345-8877
          efox@efoxlaw.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY:    s/Edward M. Fox
          Edward M. Fox
          ED FOX & ASSOCIATES, LTD.
          Attorneys for Plaintiffs
          300 West Adams, Suite 330
          Chicago, Illinois 60606
          (312) 345-8877
          efox@efoxlaw.com